**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DARRELL G. HAFEN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1177 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| JO PENDRY, Chief of Concessions, National Park Service, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS

**I.  INTRODUCTION**

In this civil action filed *pro se*, the plaintiff seeks specific performance of a concessions contract allegedly formed orally between him and the National Park Service ("NPS").  The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Because the federal government has not consented to be sued for specific performance of the alleged contract at issue, the court grants the defendant's Rule 12(b)(1) motion to dismiss on the grounds of sovereign immunity.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

The National Park Service Concessions Management Improvement Act of 1998 authorizes the NPS to contract with private entities "to provide accommodations, facilities, and services to visitors to units of the National Park System."  16 U.S.C. § 5952.  Such contracts, which run from ten to twenty years, are transferrable by sale or otherwise subject to approval by

the Secretary of the Interior.  16 U.S.C. §§ 5953, 5957.  The plaintiff alleges that "he has had a connection to the three national parks Zion, Bryce & Grand [Canyon] (North Rim) for many years."  Compl. at 1.  When a "clear opening came to secure concessions" in the early 1990s, the plaintiff met with the concessions' owner, Flagstar Inc., in Spartanberg, South Carolina, about purchasing the concessions.  *Id.*  He then returned to the District of Columbia to meet with the then-Chief of Concessions for NPS, Robert Yearout, who asked the plaintiff to "step aside" to allow "another company out of Chicago" to run the concessions.  *Id*.  Allegedly, Yearout promised the plaintiff the concessions after "the other company's concession was up."  *Id*.  The plaintiff claims that he has waited over eleven years, "the concessions are up and [Yearout's successor Jo Pendry] is in contract negotiations with another firm – contrary to [his] agreement" with the NPS.  *Id*.  The plaintiff filed this action in July 2008 to compel enforcement of the alleged agreement.

### III.  ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "Sovereign immunity is jurisdictional in nature."  *Id.*; *see also Ballard v. Holinka*, 601 F. Supp. 2d 110, 121 (D.D.C. 2009) (determining that "the court lacks subject matter jurisdiction to entertain . . . claims" shielded by sovereign immunity) (citations omitted).  The burden rests with the plaintiff to demonstrate the government's waiver of immunity.  *See Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006).

The defendant asserts correctly that pursuant to the Tucker Act, the plaintiff's claim based on an express or implied contract with the United States must be brought in the Court of Federal

Claims if the claim exceeds $10,000, and that the relief available through such a suit would be limited to monetary damages. *See* 28 U.S.C. § 1491(a); *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 608 (D.C. Cir. 1992) (noting that "the [Tucker] Act has long been construed as waiving sovereign immunity only for claims seeking damages, and not for those seeking equitable relief (except in very limited circumstances [not presented here])") (internal quotation marks and citations omitted). Claims for a lesser amount may be brought in this court but they, too, are limited to monetary damages. *See* 28 U.S.C. § 1346(a). The plaintiff in this case has not satisfied his burden of establishing subject matter jurisdiction by pleading a dollar amount. *See* Compl. But even if he had, this court's jurisdiction would extend only to claims for monetary relief, which the plaintiff has not sought. *See generally id.*

In addition, the defendant argues correctly that the government has not waived its immunity from this lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, because "the Tucker Act impliedly forbids – in APA terms – not only district court awards of money damages, which the Claims Court may grant, but also injunctive relief, which the Claims Court may not." *Transohio Sav. Bank*, 967 F.2d at 609. Finally, the plaintiff, in opposition, baldly invokes the Constitution, but his mere "labels and conclusions" cannot survive a Rule 12(b)(6) motion to dismiss.[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[1] In any event, the plaintiff's constitutional claim appears to stem not from the alleged contract at issue, but from a wholly unrelated contract the plaintiff allegedly formed with Union Pacific Railroad in "1959 or 1958" to buy its concessions, *see* Answer to Def.'s Mot. to Dismiss & Order in Favor of Pl. [Dkt. No. 12] at 1, and other matters beyond the scope of this litigation, *see id.* at 4.

do") (citations omitted); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *cf. Transohio Sav. Bank*, 967 F.2d at 610 (recognizing that "litigants may bring under the APA statutory and constitutional claims for specific relief in federal district court").  Accordingly, the court holds that the government is immune from this suit.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss under Rule 12(b)(1).  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of August, 2009.

RICARDO M. URBINA  
United States District Judge